# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| RIO BRANDS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> GCI OUTDOOR, INC. <br><br> Defendant. | Case No.: <br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Rio Brands, LLC ("Rio Brands" or "Plaintiff") brings this action against GCI Outdoor, Inc. ("GCI" or "Defendant") for patent infringement.

## PARTIES

1. Rio Brands is a Delaware limited liability company with a principal place of business at 100 Front Street, Suite 1350, West Conshohocken, Pennsylvania 19428.

2. Upon information and belief, GCI is a Connecticut corporation with a principal place of business at 66 Killingworth Road, Higganum, Connecticut 06441.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338.

4. GCI is subject to personal jurisdiction in this Court as evidenced by its systematic and continuous contacts with the District of Connecticut, and because GCI resides in this District. GCI regularly transacts business in this District and has offered for sale the infringing products that are the subject of this action into this District. Venue is proper in this jurisdiction pursuant to, *inter alia*, 28 U.S.C. § 1391.

**BACKGROUND**

5. This is an action for injunctive relief and damages arising from GCI's infringement of Rio Brands' patent under 35 U.S.C. § 271.

6. Rio Brands was founded in 1947. The company manufactures and sells beach chairs, backpack chairs, patio furniture, and camping equipment. Rio Brands is the owner of U.S. Patent No. RE 39,022 ("the '022 Patent"), which is a reissue of U.S. Patent No. 6,056,172 originally issued on May 2, 2000 and reissued March 21, 2006. The '022 Patent is directed to a backpack chair. Rio Brands has been selling backpack chairs under the '022 Patent to major retailers, including Costco and others, for approximately 13 years, and also manufactures and sells such chairs for private labelling to well-known brands such as Tommy Bahama. The Rio Brands patented backpack chairs are marked with the '022 Patent number. A true and correct copy of the '022 Patent is attached as **Exhibit A**.

7. On or about May 10, 2017, Rio Brands discovered that GCI was offering for sale a backpack chair advertised under the name "SunShade Backpack Beach Chair" at the current National Hardware Show in Las Vegas. Attached as **Exhibit B** is a true and correct copy of a screen shot of GCI's listing of this product at the National Hardware Show (available at http://www.nationalhardwareshow.com/en/Exhibitors/2449158/GCI-Outdoor/Products/1191367/SunShade-Backpack-Beach-Chair).

8. On the same date, Rio Brands discovered that GCI was exhibiting multiple backpack chair models at the National Hardware Show in Las Vegas, including the SunShade Backpack Beach Chair and at least one other model bearing the name "GCI Waterside" on it. True and correct copies of photographs of GCI's exhibit and chairs at the National Hardware Show are attached as **Exhibit C**.

9.      Upon information and belief, GCI has at all times acted with knowledge of Rio Brands' '022 Patent.  Attached as **Exhibit D** is a true and correct copy of a letter that GCI disseminated at the National Hardware Show, acknowledging that GCI was aware of the '022 Patent.  This letter also identifies additional products that may infringe but which Rio Brands has not yet had an opportunity to inspect.

## CAUSE OF ACTION

**(Infringement of U.S. Reissue Patent No. RE39,022)**

10.     Plaintiff repeats and re-alleges each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

11.     The '022 Patent was duly and legally issued on March 21, 2006 to Rio Brands, and is currently is full force and effect and has been since the date or issuance.

12.     GCI offers to sell, imports, has offered to sell, and has imported backpack chairs which infringe, or the use of which infringe, the '022 Patent.

13.     GCI offers to sell, imports, has offered to sell, and has imported these backpack chairs with actual knowledge of Rio Brands' '022 Patent, which constitutes infringement of the '022 Patent, at least as of May 9, 2017.  The infringing products include the GCI "SunShade Backpack Beach Chair" and "Waterside" backpack beach chair.

14.     A representative claim of the '022 Patent and a chart showing how the GCI "SunShade" and "Waterside" Backpack Beach Chair products infringe the '022 Patent is provided below.

| Claim 10 of '022 Patent | "SunShade" Backpack Beach Chair | "Waterside" Backpack Beach Chair |
|---|---|---|
| A backpack unit comprising: | The "SunShade" is a chair in the form of a backpack unit. | The "Waterside" is a chair in the form of a backpack unit. |
| a frame of material selected from one of a metal alloy and a plastic in the form of a folding chair including | The frame is comprised of metal alloy and plastic components. | |
| a U-shaped seat frame pivotally coupled at its ends to ends of a U-shaped back frame | The seat frame and back frame are substantially U-shaped or equivalent. | |
| through a cross-member, | The seat frame is pivotally coupled at its ends to the back frame through a cross-member. | |
| a U-shaped front leg frame pivotally coupled to the seat frame and pivotally coupled at its ends to ends of a U-shaped back leg frame, | The front leg frame and back leg frame are substantially U-shaped or equivalent and pivotally coupled. | |
| the frame capable of being folded such that the back frame, the seat frame, the front leg frame, and the back leg frame fold substantially parallel and adjacent to one another; | The frame is capable of being folded such that the back frame, seat frame, front leg frame, and back leg frame fold substantially parallel and adjacent to one another. | |
| a pair of arm rests pivotally coupled to the back frame | There are a pair of arm rests pivotally coupled to the back frame. | |
| and positionally coupled along a first diagonal between the ends of the front leg frame and the back leg frame, | The ends of the front and back leg frames are positionally coupled to the arm rests. | |
| the pair of arm rests having a plurality of adjustment positions, | The chairs have a plurality of adjustment positions associated with the arm rests. | |
| a pivotal coupling of the ends of the front leg frame and back leg frame disposed through one of the plurality of adjustment positions; | The pivotally coupled front and back leg frames are disposed through the adjustment positions. | |
| a first panel coupled to the back frame; | There is a panel coupled to the back frame. | |
| a second panel coupled to the seat frame; | There is a panel coupled to the seat frame. | |
| a pair of shoulder straps coupled to the second panel; and | There are a pair of shoulder straps coupled to the second panel. | |
| a container having a forward wall panel coupled to a back side of the first panel adjacent the back frame, | There is a container having a forward wall panel coupled to the back side of the first panel. | |

4

| | |
|---|---|
| wherein the position of the arm rests is adjusted by the displacement of the arm rests to a second diagonal, the rotation of the back frame, and the return of the arm rests to the first diagonal, | The position of the armrests may be adjusted by displacement to the diagonals of the frames. |
| wherein the second panel is at tension such that with the weight of a user on the second panel about the seat frame, the back frame rotates when the pair of arm rests are displaced to the second diagonal. | The second panel is at tension such that the weight of a user affects rotation of the back frame with displacement of the arm rests. |

15. Rio Brands has been damaged as a result of GCI's acts of patent infringement in an amount to be determined at trial.

16. Rio Brands will suffer imminent and irreparable injury unless this Court enjoins GCI from further acts of infringement.

17. GCI's acts of infringement have been carried out deliberately and willfully and without the consent of Rio Brands.

18. Rio Brands has complied with the requirements of 35 U.S.C. § 287 by marking its products with the '022 Patent.

19. This is an exceptional case entitling Rio Brands to an award of attorneys' fees under 35 U.S.C. § 285.

20. In light of the above facts and allegations, GCI is infringing and has infringed the '022 Patent in violation of 35 U.S.C. § 271, by developing, using, offering to sell, and/or selling in the United States or importing into the United States the infringing backpack chair, and by engaging in or practicing in the United States methods or processes covered by the '022 Patent.

21. GCI is infringing and has infringed the '022 Patent by offering to sell or selling within the United States or importing into the United States a component of a product or system that falls within the scope of the '022 Patent, or a material or apparatus for use in practicing a

5

method or process that falls within the scope of the '022 Patent, constituting a material part of the '022 Patent, knowing the same to be especially made or especially adapted for use in an infringement of the '022 Patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

22. GCI infringes the '022 Patent by actively inducing direct infringement of the '022 Patent by third parties.

23. GCI actively encourages its customers to purchase third party backpack chairs for uses which contribute to the direct infringement one or more claims of the '022 Patent.

24. GCI is selling, offering for sale, importing and has sold, imported, and delivered its infringing backpack chairs to customers inside the United States and this District which are used by those customers to directly infringe at least one claim of '022 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Rio Brands respectfully requests that this Court:

a) Enter judgment in favor of Plaintiff and against Defendant;

b) Declare that Defendant has been and are infringing the '022 Patent;

c) Preliminarily and permanently enjoin Defendant and its officers, agents, and employees and all others in concert or participation with Defendant from further acts of infringement of the '022 Patent under 35 U.S.C. § 283;

d) Order Defendant to file with this Court and serve on Plaintiff within thirty (30) days after service of an injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction;

e) Award damages adequate to compensate Plaintiff for Defendant's infringement of the '022 Patent, together with interest and costs under 35 U.S.C. § 284;

f) Award treble damages by reasons of Defendant's acts of deliberate and willful infringement of the '022 Patents under 35 U.S.C. § 284;

g) Declare this litigation to be an "exceptional case" and order Defendant to pay Plaintiff's reasonable attorneys' fees in connection with this action as provided in 35 U.S.C. § 285; and

h) Award Plaintiff such other and further relief as this Court deems just and proper.

Dated:  May 12, 2017

Respectfully submitted,

/s/ Michael J. Rye_____
Michael J. Rye, Esq. (ct18354)
Cantor Colburn LLP
20 Church Street, 22nd Floor
Hartford, CT 06103
Mrye@cantorcolburn.com
Tel: 860-286-2929
Fax: 860-286-0115

*Attorneys for Plaintiff Rio Brands, LLC*

*Of Counsel:*
FOX ROTHSCHILD LLP
Gerard P. Norton
Christopher R. Kinkade
997 Lenox Drive, Building 3
Lawrenceville, NJ 08648
Telephone: (609) 896-3600